UNITED STATES DISTRIC COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>) |
| PABLO L. RIVERA, | ) Docket No. 19-cr-40007-TSH<br>) |
| Defendant. | )<br>)<br>) |

_____

## **Findings and Order on Defendant's Motion to Suppress**

February 3, 2020

### **Introduction**

The Defendant Pablo L. Rivera moves to suppress the fruits of a warrantless search of his motor vehicle and subsequent statements that he made on February 8, 2019. For the reasons set forth below that Motion is granted.

### **Facts**

On February 8, 2019, Rivera was driving his motor vehicle westbound on Route 84, in Sturbridge, Massachusetts. Massachusetts State Police Trooper Louissaint stopped that motor vehicle for traveling in the left lane of the highway when the center lane was open for travel, in violation of Massachusetts General Law Chapter 89 § 4B. When asked for his motor vehicle license, Rivera told the trooper that he did not have a driver's license, only a Massachusetts Identification Card. After confirming that Rivera did not have a valid Massachusetts driver's

license, Trooper Louissant ordered Rivera to exit his vehicle and told him he would be given a criminal summons for being an unlicensed operator of a motor vehicle. He also told him that the vehicle would need to be towed, but that because he was not under arrest he could accompany the vehicle by riding in the tow truck to the tow lot.

While awaiting the tow truck's arrival Trooper Louissaint conducted an inventory search of the vehicle, allegedly pursuant to State Police General Orders affecting towing and vehicle inventory. As part of that inventory the trooper searched a backpack in the rear hatch of the vehicle and found drugs, packaging materials, and scales which are the subject of this motion. After the drugs in the backpack were found, the trooper asked Rivera what the brown rock-like substance in the backpack was, and the Defendant replied that it was salt. The Defendant also seeks to suppress this statement.

## Discussion

The Defendant argues that the search of the vehicle pursuant to the inventory exception was not a valid exercise of the community caretaking function that inventory searches honor. The Fourth Amendment protects "the right of the people to be secured in their persons, houses, papers, and effects, against reasonable searches and seizures." A warrantless search is per se unreasonable, "subject only to a few specifically established and well delineated exceptions." *Arizona v. Gant* 556, U.S. 332, 209, *Katz v. U.S*, 389, U.S. 347, 357, (1967). One of the recognized exception to the warrant requirement is an inventory search of a motor vehicle. *Colorado v. Bertine,* 479 U.S. 367, 371 (1987); *S. Dakota v. Opperman*, 428 U.S. 364, 372 (1976). In order for an inventory search of the motor vehicle to be valid it must be conducted pursuant to a standard police procedure or policy. An inventory search of a vehicle is primarily conducted for three reasons: "the protection of the owner's property, while it remains in police

custody, the protection of the police against claims or disputes over lost or stolen property, the protection of the police from potential danger." *S. Dakota v. Opperman* 428, U.S. 364, 369 (1976).

In this case Trooper Louissaint conducted his inventory search pursuant to the Massachusetts State Police Inventory search Policy documented in General Order TRF-10 which states:

> "Any vehicle ordered towed, or in the custody of the Department, shall be inventoried and properly documented in order to protect:
> - the vehicle and its contents;
> - the department, the tow company against false claims of lost, stolen, or vandalized property; and
> - the member(s) and the public from dangerous items that might be in the vehicle."

That same order also counsels that "a motor vehicle inventory need not be taken if the vehicle is . . . disabled with the operator and/or occupants present and is towed at their request."

The reasonableness of an inventory search depends on the balancing of the "intrusion on the individual's Fourth Amendment interest against its promotion of legitimate governmental interest." *Illinois v. Lafayette* 462, U.S. 640, 644, (1983). Thus, it is axiomatic that the inventory policy should honor the community caretaking function in a manner that is the least restrictive of the Defendant's Fourth Amendment Rights. Here Rivera was not under arrest and had been advised by the trooper that he could accompany his vehicle in the tow truck. The Defendant's property was not at risk, because the Defendant was accompanying his vehicle and the vehicle was never in police custody. Police safety was not compromised because the Defendant was seated on a guard rail awaiting the tow truck. I therefore find that the search of the motor vehicle went beyond the community caretaker's function and exceeds the exception to the warrant requirement.

The Defendant further moves to suppress from the introduction in the evidence against him statements that he made in response to questions the trooper asked upon the discovery of the drugs in the backpack. When the trooper asked the Defendant what the brown rock-like substance was

the Defendant replied that it was salt. The trooper did not administer Miranda warnings prior to questioning him and the Defendant seeks to suppress those statements. When challenged evidence is acquired by police after some initial Fourth Amendment violation, the evidence is said to be "fruit of the poisonous tree" when it has been come at by exploitation of that illegality. *Wong Sun v. U.S.*, 371 U.S. 471, 488 (1963). Once the primary illegality of the search has been granted, the question becomes whether the chain of causation proceeding from the unlawful conduct has been interrupted by some intervening circumstances so as to purge the primary "taint" of illegality. *U.S. v. Crews*, 445 U.S. 463, 471 (1980). Since I am finding that the search that uncovered the backpack was unlawful, I further find that any statements that the Defendant made after being confronted with the illegally seized backpack are the fruit of the poisonous tree. Accordingly, the Defendant's Motion to Suppress the Evidence Seized in the backpack and any statements made as a result of that are granted.[1]

/s/ *Timothy S. Hillman*_____
Timothy S. Hillman
United States District Court Judge

---

[1] The backpack was searched a second time several days after the initial search at the scene. The fruits of this warrantless search are likewise suppressed under *Wong Sun*.